EMANUEL AND GILES (SLAVES) *v.* STATE, 36 Miss. R., 627.

### CONSPIRACY OF SLAVES.

The sufficiency of a pending indictment, which has been adjudged sufficient in the circuit court, cannot be inquired into on *habeas corpus.* That judgment, until set aside, is the law of the case. But the evidence on which the indictment was found may be adduced, and if it appear that accused should not be held in custody, he may be discharged.

Error to revise judgment pronounced by the Hon. WILLIAM COTHRAN, judge of tenth judicial district, in vacation.

*Fisher* and *Armstead,* for plaintiff in error.

*T. J. Wharton,* attorney general.

HANDY, J.:

This case comes up by writ of error, to the decision of a circuit judge refusing to discharge the plaintiffs in error, who were brought before him by writ of *habeas corpus* sued out by their owner.

It appears by the record before us, and by the return of the officer to the writ of *habeas corpus,* that he held the slaves in custody by virtue of an order of commitment, made by the circuit court of Tallahatchie county, at December term, 1858, to await their trial on a charge of advising and conspiring to make insurrection, for which they had been indicted by the grand jury of Yallobusha county.

Upon the hearing of the writ, the evidence introduced was the record of the indictment referred to and the proceedings thereupon in the circuit court, by which it appears that the indictment was sustained, as to the first two counts, but overruled as to the third ; and in that condition that the indictment was pending in the circuit court. And thereupon the judge dismissed the writ of *habeas corpus,* and remanded the prisoner to custody, and that judgment is now sought to be reviewed in this court.

A preliminary objection is taken to the proceeding on the part of the state, which, we think, disposes of the case as it is now before us.

It appears that the slaves were committed upon an indictment charging that "they did unlawfully, maliciously, and feloniously conspire together, with other slaves whose names are unknown, with intent to resist the lawful authority of one John H. Mairs, who was then and there the overseer of all the slaves aforesaid, by arming themselves with divers clubs, sticks, axes, hatchets, scythe-blades, and rocks, and assembling themselves together for the purpose of resisting the aforesaid authority in said county, contrary to the statute, and against the peace and dignity of the state," &c.

The *habeas corpus* act provides that "it shall not authorize the discharge out of prison" * * * * * "*of slaves, after commitment or indictment for any felony.*" Rev. Code, 365, Art. 3. And hence it is insisted that the writ was improperly granted in this case, and should have been dismissed on that ground. On the contrary, it is said that the indictment charges no offense for which these slaves were punishable by indictment, and hence that the indictment must be a nullity.

It appears that, on demurrer, the indictment had been adjudged good and sufficient by the court in which it was pending, and that the case stood upon that judgment in that court, when the writ of *habeas corpus* was sued out. Until that judgment was set aside or reversed, it was the law of the case; and it is not competent to call it in question upon the writ of *habeas corpus*, and upon an adverse decision being made thereupon, to bring the question to this court by writ of error to that judgment. For that would be virtually to make the writ of *habeas corpus* a writ of error to the judgment of the circuit court, and call upon the judge to reverse the judgment upon the demurrer, and declare the indictment, then duly pending in the circuit court, insufficient. So the court, upon writ of error to the judgment on the *habeas corpus*, is required virtually to reverse the judgment on the demurrer, when that judgment is not before us. All this is manifestly irregular, and not to be tolerated. The judgment of the circuit court holding the indictment sufficient in law must be taken as correct, until it be reversed; and that can only be done by this court when it shall be brought before us by writ of error.

The evil consequences arising from the course of proceeding in resorting to the writ of *habeas corpus*, in cases like this, are most obvious.

1st. The judgment of the circuit court upon the demurrer, if the writ be sustained, would be reserved without writ of error extending to it. In law, it remains in force. What, then, is to be the course of proceeding of the court upon the indictment? It would be to proceed with the cause, treating the indictment as sufficient under the judgment previously pronounced. But the court would find that the prisoners had been taken from the custody of the law, and were not in the power of the court, having been discharged from prison under the writ of *habeas corpus*. Such a state of case would present a great anomaly.

But to determine the indictment to be insufficient, and to discharge the prisoners on *habeas corpus*, on that ground, and without hearing the evidence on which the charge was founded, would be attended with another serious mischief.

In such a case, the only question presented would be the sufficiency of the indictment. It might be that the indictment in its form is insufficient; and on that ground it would be liable to be quashed; and yet there might be sufficient cause upon the facts of the case to keep the prisoners in custody, to be proceeded against upon another indictment, which might be properly framed to meet the offense of which the prisoners were really guilty. And yet, in such a case, and as this case is here presented, the prisoners would be discharged, and might be placed beyond the reach of punishment, simply because the indictment was not technically sufficient to charge them with the offense intended to be charged. If such a course be justifiable upon sound principle, not only the sufficiency of all indictments for capital offenses, but the correctness of the decisions of the courts where they are pending, adjudging them to be sufficient, are subject to the determination of a judge at chambers, with power to overrule, in this informal mode of proceeding, the judgment of the proper court duly pronounced; and the same principle would give to a judge sitting on *habeas corpus* the power to annul the judgment of the circuit court upon final con-

viction, and this on the ground that the indictment was insufficient, in charging no offense.

It is clear that such questions were not intended to be embraced and determined in the proceeding of *habeas corpus*.

We are, therefore, of opinion that when there has been an indictment which has been held by the proper court to be good, and which judgment stands in full force, or when the prisoner, without such judgment, claims his discharge on *habeas corpus* merely on the ground of the insufficiency of the indictment, without the adduction of the evidence on which the indictment is founded, showing that he should not be held in custody in the matter; in either of such cases, the writ of *habeas corpus* should not be entertained.

It follows from this view that the writ of *habeas corpus* was properly dismissed, and the judgment is affirmed.