N. S. PERRY v. THE STATE.

1. HABEAS CORPUS NOT AN APPEAL.—The writ of *habeas corpus* is not designed to operate as a writ of error or *certiorari*, and does not have their effect; it however deals with irregularities which render proceedings void.

2. HABEAS CORPUS—FORMER CONVICTION.—The court on *habeas corpus* will not, for the purpose of discharging the applicant, consider the sufficiency of facts relied on as evidencing a former conviction for the same offense for which he is in custody.

APPEAL from Kaufman. Tried below before the Hon. M. H. Bonner.

*J. J. Hill,* for appellant, cited Pas. Dig., arts. 2625, 2627, 2628; Hurd on Habeas Corpus, 330, 331, 355, 360; Yarbrough *v.* The State, 2 Tex., 519; *Ex parte* Tobias Watkins, 3 Pet., 193; Cooley's Const. Lim., 348, and authori-

ties in note 2; The People *v*. McLeod, 25 Wend., 483; Pas. Dig., arts. 2410*a*, 2410*b*, 2382, 3095, 3096; Counts *v*. The State, 37 Tex., 593; Slaughter *v*. The State, 24 Tex., 415; 2 Graham & Waterman on New Trials, and the note beginning on page 52, collating all the authorities.

*George Clark, Attorney General*, for the State.

MOORE, ASSOCIATE JUSTICE.—It appears from the record that appellant is held in custody by the sheriff of Kaufman county to answer five several indictments for theft, returned into the District Court of said county, wherein they are still pending and undetermined. It further appears that the writ of *habeas corpus* for which appellant prayed was not sought, that he might be enlarged on bail. But it is claimed by him that he is entitled to an absolute and unconditional discharge from custody. The right to a discharge is based upon the fact of appellant's having been previously convicted in said court, on another indictment for theft of a steer, found at the same term of the court as the indictments under which he is now held in custody. All of said indictments, it is insisted, having been found on the same evidence, and on account of the same transaction, are, therefore, claimed to be for one and the same supposed offense.

An application for a *habeas corpus* for the purpose and under the circumstances for which this was made, is certainly novel, and without precedent in the courts of this State. It would seem to have been long since much too well established by the common law, as well as our statutes, that an indictment not void upon its face, regularly returned to and pending in a court having jurisdiction thereof, could only be disposed of by some appropriate proceeding in such court, for an experiment such as the present.

The practice at common law in the court of the King's

Bench is thus stated in Wilmot's Opinions, 106: (Hurd on Habeas Corpus, 331.)

" In imprisonment for criminal offenses the court can act upon it only in one of three manners:

" 1. If it appear clearly that the fact for which the party is committed is no crime, or that it is a crime, but he is committed for it by a person who has no jurisdiction, the court discharges.

" 2. If doubtful whether a crime or not, or whether the party be committed by a competent jurisdiction, or if it appears to be a crime, but a bailable one, the court bails him.

" 3. If an offense not bailable, and committed by a competent jurisdiction, the court remands or commits him."

It is certainly essential to the proper discharge of its duties, and the due and efficient administration of the law, " that wherever a court assumed to act in a matter, and over parties within its jurisdiction, it is its right and duty to proceed to its final determination without interference from another tribunal."

The writ of *habeas corpus* was not designed to operate as a writ of error or *certiorari*, and does not have their force and effect. It does not deal with errors or irregularities which render proceedings voidable merely, but such only as render them absolutely void.

The authorities to which we are cited in support of the application for the writ are not applicable to such a case as this, and when properly understood tend in no way to maintain it.

There is no error in the judgment, and it is affirmed.

AFFIRMED.