## John Brill v. The State.

1. CRIMINAL PROCEDURE—FORMER ACQUITTAL.—The plea of *autrefois acquit* is sustainable only when the accused had previously been acquitted

of the same charge, by a jury, in a court of competent jurisdiction. The dismissal of the prior prosecution is not pleadable as a former acquittal.

2. SAME—HABEAS CORPUS is not the remedy for a party arrested on a charge of which he had previously been acquitted. His remedy is by special plea to the second indictment.

APPEAL from Guadalupe on a writ of *habeas corpus* heard below before the Hon. EVERETT LEWIS.

The facts are sufficiently indicated in the opinion of the court.

No counsel for the appellant.

*A. J. Peeler*, Assistant Attorney General, for the State.

WINKLER, J.    This is an appeal from the district court of Guadalupe county, refusing to discharge the appellant from the custody of the sheriff on *habeas corpus*.

The record shows that the appellant had been arrested on a *capias* founded on an indictment against him in a case numbered 1552, charging him with theft of " an animal of the species of neat cattle, namely, one brown steer," then pending against him in the district court of Guadalupe county.

The appellant claims his discharge on the ground that, before the indictment under which he was then held was found, in a case No. 1310, in the same court, which he alleges was for the same offense as that charged in No. 1552, he had been indicted, tried, and convicted, and was granted a new trial, and which case was afterwards dismissed—basing his application for discharge from the No. 1552 upon the ground that he had been acquitted of the same offense by the dismissal of the case No. 1310.    This position is untenable.    A plea of former acquittal would only be good when the party has been before acquitted of the accusation against him, by a jury, in a court of competent jurisdiction. Pasc. Dig., Art. 2951.

The district court properly considered that he was not illegally restrained of his liberty, and remanded him to the custody of the sheriff, fixing his bond at $500. This, from the evidence before us, was the only proper action the court could have taken under Article 160, Code of Criminal Procedure. Pasc. Dig., Art. 2627.

Agreeably to the case as made by the record, *habeas corpus* is not the remedy for the wrong complained of. *Perry* v. *The State*, 41 Texas, 488. The writ of *habeas corpus* is not the proper remedy to try the issue of *autrefois acquit;* the appropriate remedy is by special plea, entered in the court in which the indictment is pending under which the party is held. *Pitner* v. *The State*, supreme court, February 11th, 1876 (not yet published).

The judgment of the district court is affirmed.[1]

*Affirmed.*

---

[1] White, J., did not sit in this case.