EX PARTE JACOB FISHER.

| | |
|---|---|
| 6 | 309 |
| 24 | 325 |
| 6 | 309 |
| 36 | 284 |
| 6 | 309 |
| 45 | 750 |
| 6 | 309 |
| 47 | 130 |
| 6 | 309 |
| 55 | 314 |
| 55 | 705 |

1. **Judgment in Criminal Cases:** A judgment of an inferior court in a criminal action is conclusive, unless appealed from, or reversed on proceedings in error.

2. ————: *Habeas corpus* is not a proper proceeding to review such judgment; nor will the court, upon such writ, look beyond the judgment and re-examine the charges on which it was rendered, or the decisions upon questions of law raised on the trial of such case.

GANTT, J.

Jacob Fisher was brought before this court upon a writ of *habeas corpus*, for the purpose of inquiring into the legality of his imprisonment. He is detained in prison under a judgment rendered by a justice of the peace, in a criminal action against him for selling malt, spirituous, and vinous liquors without first having obtained a license therefor. Under the statute relative to the "License and sale of liquors," a justice of the peace has jurisdiction in all cases where the penalty or damages does not exceed one hundred dollars; and in this case the prisoner was tried before a justice's court and adjudged to pay a fine, and in default thereof that he be committed to jail until the fine and costs are paid or secured, or he be discharged according to law. Now, it is said that a judgment, in its nature, concludes the subject on which it was rendered; it pronounces the law of the case, and therefore puts an end to inquiry concerning the facts. Hence the judgment must remain in full force until it is legally vacated or reversed by a superior court, having appellate jurisdiction of the case. It is, however, contended that the license law is unconstitutional, and on this ground the prisoner should be discharged. But after judgment and commitment in a criminal action by an inferior court having jurisdiction of the offense charged, we think that *habeas corpus* is not the proper mode of procedure to bring the cause into this court for review upon alleged errors of law; for it seems to us, that when the validity of a statute is controverted, the controversy raises a legal question which, like all other legal questions raised on the trial of a cause in an inferior court, can be reviewed only by the mode prescribed by law.

To entertain jurisdiction in such case upon a writ of

*habeas corpus*, it would be necessary to look beyond the judgment and re-examine the charges upon which it was rendered, as well as to review the questions of law raised on the trial and decided by the inferior court. If such practice were to obtain, then indeed every conviction for a criminal offense might be brought here for review on a writ of *habeas corpus*.

We think it is not within the province of this court to open the door to such a system of practice. And we are not prepared to say that, upon a writ of *habeas corpus*, we can look beyond the judgment and re-examine the charges on which it was rendered, or to pronounce the judgment an absolute nullity on the ground that the constitutionality of the statute relative to the license law is controverted. If the validity of a statute is brought in question in an inferior court on the trial of a cause, that question must finally be determined in the same mode as other legal questions arising on the trial of causes in such court—that is, by proceedings in error or appeal, as may be most appropriate and allowable by law.

The rule is correctly stated in *Bassmore Williamson's Case*, 26 Pa. St., 17, wherein it is held that "a *habeas corpus* is not a writ of error. It cannot bring a case before us in such a manner that we can exercise any kind of appellate jurisdiction in it. On *habeas corpus* the judgment of even a subordinate state court cannot be disregarded, reversed, or set aside, however clearly we may perceive it to be erroneous, and however plain it may be that we ought to reverse it if it were brought before us on appeal or writ of error. We can only look at the record to see whether a judgment exists, and have no power to say whether it is right or wrong. It is conclusively presumed to be right until it is regularly brought up for revision." *Commonwealth v. Deacon*, 8 S. and R., 72. *Ex parte Toney*, 11 Mo., 666.

The cause is dismissed and the prisoner remanded to. custody.

JUDGMENT ACCORDINGLY.

*Mason & Whedon,* for Fisher.

*Lamb, Billingsley & Lambertson, contra.*