# Ex Parte Samuel McGill.

1. HABEAS CORPUS. — The writ of *habeas corpus* does not operate as an appeal, writ of error, or *certiorari*, nor has it the force and effect of those proceedings. It does not reach such errors or irregularities as would render a judgment voidable merely, but only such illegalities as render it void.

2. SAME. — An irregularity is a disregard of some prescribed rule or mode of proceeding, and consists either in omitting to do some thing necessary to the due and orderly prosecution of the cause, or in doing it at an unseasonable time, or in improper manner.

APPEAL from the County Court of Bosque. Tried below before the Hon. J. K. HELTON, County Judge.

The opinion discloses the case.

*D. G. Thomas,* and *Fossett & Hewlett,* for the appellant. On the ninth day of July, 1878, the appellant was convicted for unlawfully carrying arms in a justice's court of Bosque County, Texas, and judgment was rendered against him for $25 fine, and costs of suit. On the twenty-first day of August, 1878, there emanated from the justice of the peace, and was by him placed in the hands of his executive officer, an order denominated by him a *capias pro fine.* On the eleventh day of February, 1879, the appellant was arrested by a constable, acting under said *capias.* On the twelfth day of February, 1879, appellant sued out the writ of *habeas corpus* before his honor J. K. Helton, judge of the County Court of Bosque County, Texas, which was heard by him in chambers, on the nineteenth day of February, 1879, and judgment rendered remanding appellant to custody of the constable, and denying the applicant to be restored to his liberty; to which ruling the applicant excepted, and gave notice of appeal to this court.

The only error complained of — being one of law and apparent of record — is that the imprisonment is illegal, and not warranted by the judgment nor by authority of law.

Applicant, by his counsel, respectfully submits : —

1. That he is entitled to be restored to his liberty, because the *capias* under which his restraint is sought to be justified is not warranted nor supported by the judgment upon which it is based.

Before a party can be imprisoned legally upon final process emanating from a court, there must be a judgment or order of court authorizing such imprisonment, which must be an adjudication of the fact of imprisonment by the court, acting in a judicial capacity. The committal must be definite and certain; and, further, it must appear to be the judgment of the court. Imprisonment of a party will never follow as incidental to the enforcement of a judgment.

In favor of liberty, the acts of all courts stand upon the same level, and are alike subject to strict construction. This we take to be the deduction from all the authorities, supported by the statutory definition of a judgment of conviction by a justice of the peace.

In this case the judgment under which the applicant is restrained does not adjudge that he be remanded to the custody of the sheriff, or other officer, until the payment of the fine and costs. Nor does the judgment any where authorize the issuance of an execution. This is required by the statute. Pasc. Dig., arts. 3311, 3313 ; *Mayfield v. The State*, 40 Texas, 289.

2. That the process denominated a *capias*, under which appellant is held in custody, is not warranted by the judgment. It is an order for the appellant's arrest and detention, but is not the act of the court in a judicial capacity. Before it can issue, the statute demands that the judgment shall authorize it; that its issuance must be preceded by a judicial act authorizing it, — there must an execution issue between judgment and arrest. Penal Code, arts. 845, 849.

The attention of the court is directed to the language of this *capias*. It does not authorize the officer to whom it is directed to arrest the appellant and place him in jail until the fine and costs are paid, but it commands him to place

· him in jail unless he pay the fine and costs. If any imprisonment can be more indefinite than that under the extraordinary command of this writ, we would like to know what language could be employed to make it so.

A *capias*, if authorized under the judgment of the justice of the peace, could only issue after the return of an execution, and that execution directed by the judgment.

We most respectfully submit that the imprisonment of the appellant under this proceeding is subversive of all rules of law and of all principles governing personal liberty; an act of petty tyranny; if the court will excuse the term, to extort money; an *ex parte* proceeding by a petty officer in aid of his defective judgment. Suppose the party were unable to pay the money commanded to be made by the writ, when will his imprisonment cease under the writ? If not eternal, we do not know what is.

We do not believe that the time has come when the courts will approve of the citizen's personal liberty becoming the stock in trade of petty officers, to compel the payment of money without authority of law.

*Thomas Ball*, Assistant Attorney-General, for the State.

WHITE, J. This is an appeal from a refusal of the county judge, in chambers, to release and discharge appellant under a proceeding on *habeas corpus*. As shown by the record, appellant was tried upon his plea of guilty, before a justice of the peace, upon a charge of unlawfully carrying arms, and was fined in the sum of $25. Instead of rendering judgment committing defendant to the custody of the sheriff until the fine and costs were paid, and awarding execution as provided by arts. 3311, 3313, Paschal's Digest, the judgment ordered a *capias pro fine* to issue, and upon this *capias* the defendant was arrested, and, as he claims, illegally arrested and restrained of his liberty.

In other words, he seeks, by means of the writ of *habeas*

*corpus*, to have reviewed and corrected a mere irregularity in a judgment rendered against him. This he cannot do. " The writ of *habeas corpus* does not operate as an appeal, writ of error, or *certiorari*, nor has it the force or effect of those proceedings. It does not reach such errors or irregularities as would render a judgment voidable only, but only such illegalities as render it void. An irregularity is a disregard of some prescribed rule or mode of proceeding, and consists either in omitting to do some thing necessary to the due and orderly prosecution of the cause, or in doing it at an unseasonable time, or in an improper manner." *Ex parte Schwartz*, 2 Texas Ct. App. 74. See also *Griffin* v. *The State*, 5 Texas Ct. App. 457; *Parker* v. *The State*, 5 Texas Ct. App. 579, and authorities cited.

The judgment of the County Court in refusing to discharge appellant is affirmed, and it is further ordered that appellant pay all the costs of this proceeding by *habeas corpus*.

*Ordered accordingly.*