JOHN BROWN ALIAS JOHN WILLIAM MCELVOY, PLAINTIFF IN ERROR, v. THE STATE OF NEBRASKA, DEFENDANT IN ERROR.

1.  **Constitutional Law:** DISTRICT COURTS: TERMS.  Section 26, Art. XVI of the constitution, authorizes the judges of the district court to fix the time of holding courts in their respective districts.  This refers to regular terms.  There is no authority under this provision to call special terms of court.

2.  **District Courts:** CALLED TERMS.  The statute authorizes a judge of a district court, upon request of the county commissioners of a county, to call a special term of court for that county for the transaction of general business, at least twenty days notice thereof to be given.  But a judge may, on his own motion, call a special term of court for any county of his district for the trial of criminal offenses therein.  And having authority to make the order, the fact that he recites therein the authority as derived from the constitution will not invalidate it.

3.  ————: ————: SUMMONING JURIES.  A judge in calling a term of court has no authority to order the sheriff to summon a

grand and petit jury.   He must direct whether a grand or petit jury shall be summoned.   If required, juries must be drawn as for regular terms of court.

4.   ———: ———: ———.   Objections to the mode of selecting grand jurors must be made by challenge, or by plea in abatement, before the accused pleads to the indictment, or they will be waived.

5.   **Murder:** EVIDENCE.   Where, on a trial for murder, there is testimony tending to show that the accused acted in self-defense, it must be submitted to the jury to be given such credit as they may think it entitled to.   An instruction, therefore, which virtually took that question from them, *Held*, erroneous.

ERROR to the district court of Adams county.

It was an indictment for the murder of one Stultzman, on the eighth day of February, 1879.   The defendant was arrested on that day, and on February 10th, GASLIN, J., made an order directing a special term of court to be held commencing February 15th. A grand and petit jury were ordered, indictment returned on that day, and on the day following the defendant was tried, convicted, and sentenced to be hung. His motion for a new trial being overruled, he sued out this writ of error.

*Mason & Whedon,* for plaintiff in error.

1.   In the case at bar the county commissioners did not make application to the judge for a special term, and if they had, still the law was not complied with. Section 51, Gen. Stat., 260, distinctly says that "notice of such special term shall be given at least twenty days previous to the commencement of the same."   Instead of this notice being given in this case, the special term was called, plaintiff indicted, tried, convicted, and sentenced to be hung, all within eight days.   In the absence of this statute the district judge could not call a

special term of court, and when one is called under the statute its requirements must be complied with. *Smith v. State*, 4 Neb., 285. *Dunn v. State*, 2 Ark., 229. *Seymour v. Judd*, 2 New York, 464. *Jackson v. Wiseburn*, 5 Wend., 136. *Bloom v. Burdict*, 1 Hill, 130. *Burley v. State*, 1 Neb. 385. And if the term of court was held at a time unauthorized by law all its judgments and proceedings are without warrant of law and void. *Orman v. Riley*, 16 Cal., 186. *Bloom v. Burdict*, 1 Hill, 130.

2. It was error for the court to charge the jury in the language of the sixth instruction, " If you find from the evidence and circumstances in the case the accused did the shooting as charged, you have a right to presume therefrom he intended to do it, and imply malice therefrom, as it is a legal presumption he intended to do what he actually did. In law, a rifle, gun, or pistol, loaded with powder and ball and used in its ordinary way, is a deadly weapon, and should you find the accused committed the homicide as alleged, with a rifle, gun, or pistol, you have a right to presume malice therefrom, and it is then incumbent upon the accused, by way of justification, excuse, or otherwise, to remove this legal presumption."

Had the fact of the shooting alone been shown unaccompanied by the circumstances under which it was done, then under the ruling of this court in *Prueit v. The State*, 5 Neb., 384, the crime of murder in the second degree might have been established, and the court should have so instructed the jury. But the plaintiff had testified and detailed the circumstances under which the shooting had taken place, and when this evidence was before the jury, it was error to instruct the jury that if, from the evidence and circumstances, they found the accused did the shooting, they could imply malice therefrom. *Stokes v. The People*, 53 N. Y., 164.

*Commonwealth v. Hawkins*, 3 Gray, 463.    *Commonwealth v. York*, 9 Met., 93.    Cooley Const. Lim., 325.    *People v. Garbut*, 17 Mich., 9.    *Maher v. People*, 10 Mich., 212. *Lamb v. C. & A. R. R. and T. Co.*, 46 N. Y., 279.

3.    It was error to charge the jury in the language of the eighteenth instruction: "Again you will bear in mind the homicide for which the defendant has been tried was committed within ten days; that he and his counsel have not burdened this tax-ridden community with long delays, useless delays, and senseless legal quibbles, or applied for continuances; that he has not a plethoric purse to enable him to tardily rob justice of its deserts; that he has availed himself of provisions of our statute, applicable to indigent defendants, and been ably and nobly defended by his counsel, who have taken charge of his case for the pittance allowed by the court.    You must not be swayed or influenced in the least by popular prejudice or clamor, but must coolly, calmly, and unimpassionately deliberate upon the case when you return to your room, and render just such a verdict as you think the evidence warrants, irrespective of any feeling or sympathy you may have for the defendant."

It is impossible to discover anything in the record of this case which will warrant this extraordinary charge, and equally impossible to find an authority which will sustain it.    *Burke v. Maxwell*, 81 Pa. St., 139.    *Framl v. Badger*, 79 Ill., 441.    *Williams v. State*, 6 Neb., 335. *Curry v. The State*, 4 Neb., 555.    12 Ohio State, 312. 14 Ga., 135.    27 Ill., 440.    26 Mo., 393.    8 Ga., 178. 11 B. Monroe, 38.    15 Pa. St., 59.    39 Miss., 526, 535, 541.

To these instructions, and others considered in the argument, counsel who tried the case below took no exceptions; but if erroneous, the errors will be noticed here, this being a capital case.    *Rakes v. The People*, 2

Neb., 163. *Thompson v. The People*, 4 Neb., 530. *Dodge v. The People*, 4 Neb., 231. 41 Texas, 513. 1 Texas Appeals, 180.

*C. J. Dilworth*, Attorney General, for the State.

The sixth instruction, we think, states the law correctly upon the question of legal presumption, the object for which said instruction was given.

The case of *Prueit v. The State*, 5 Neb., 384, cited by the plaintiff, states the proposition to be, that where the killing is established and there are no explanatory circumstances proven, then malice is presumed, and the crime is murder in the second degree. But in the action before us the case does not stand upon the fact of the killing alone being proven, but upon the testimony of several witnesses as to the surrounding circumstances, showing the deliberation and premeditation.

Objection is also taken to the eighteenth instruction given by the court. While this instruction is somewhat peculiar, yet we can see nothing that the plaintiff can object to. It tells the jury that they must not be swayed or influenced in the least by popular prejudice or clamor, but must calmly and unimpassionately deliberate upon the case, and render just such a verdict as they think the evidence warrants, irrespective of any feeling or sympathy they may have for the defendant; and there is nothing in the remainder of the instruction which can be construed to prejudice the defendant below.

MAXWELL, CH. J.

The plaintiff in error was convicted of murder in the first degree at a special term of the district court of Adams county, held in February, 1879. He now assigns various errors in the record, which will be considered in their order.

13

The order calling the special term is as follows:

"Pursuant to the provisions of the constitution of the state of Nebraska, I hereby fix Saturday, February 15th, 1879, at 8 o'clock A.M., as the time for holding a special term of the district court in and for Adams county, 5th judicial district of the state of Nebraska, for the purpose of disposing of any and all business that may properly come before the court. The sheriff of said Adams county is also hereby ordered to summon from the body of the county of Adams sixteen good and lawful men having the qualifications of and to serve as grand jurors. Also twenty-four good and lawful men having the qualifications of and to serve as petit jurors. All to be and appear at the place of holding court in the town of Hastings, in said county of Adams, at 8 o'clock A.M., on said 15th day of February, 1879.

"Witness my hand, at Hastings, in said county of Adams, the 10th day of February, 1879.

"WILLIAM GASLIN, Jr.,

"Judge."

Section 26, Art. XVI of the constitution, provides that "until otherwise provided by law, the judges of the district courts shall fix the time of holding courts in their respective districts." The power thus conferred undoubtedly refers to *regular* terms of court, which had already been fixed by the judge.

A special term of court, for the transaction of all business that may come before it, may be ordered and held by a judge in any county in his judicial district upon the application of the county commissioners. Notice of such special term must be given at least twenty days previous to the commencement of the same. Gen. Stat., 260, Sec. 51. By the provisions of section 18 (page 255, Gen. Stat.), it is provided that " a special term may be ordered and held by the district

judge in any county in his district, for the trial of any criminal offense, if he deem it necessary. In ordering a special term, he shall direct whether a grand or petit jury, or both, shall be summoned." The power to call a special term of court for the trial of criminal offenses is here expressly given, as also the power to *direct* whether a grand or petit jury, or both, shall be summoned. In calling a special term under the provisions of section 18, it should be stated in the order that the term will be held for the trial of criminal offenses. But the failure to do so, will not thereby render the term invalid. And the judge having authority under the statute to call the special term, the fact that he recites in the order that he called said term in pursuance of the provision of the *constitution* will not thereby render the order nugatory, no more than a correct judgment would be affected by superfluous matter which did not affect its validity, so far at least, as the trial of criminal offenses is concerned. The order therefore is sufficient to justify the trial of the plaintiff in error at that term.

The authority of a judge to order the sheriff to summon a grand and petit jury may well be questioned. The statute provides the mode of selecting jurors, and this mode should be adhered to as far as possible. As was well said by this court in the case of *Burley v. The State*, 1 Neb., 397, "the grand jury must be selected in the manner prescribed by the law. There is no security to the citizen but in a rigid adherence to the legislative will as expressed in the statutes for our guidance."

Section 664 of the code of civil procedure provides that "whenever the proper officers fail to summon a grand or petit jury, or when all the persons summoned as grand or petit jurors do not appear before the district courts, or whenever at any general or special

term, or at any period of a term, for any cause, there is no panel of grand jurors or petit jurors, or the panel is incomplete, said *court* may order the sheriff, deputy sheriff, or coroner to summon without delay good and lawful men having the qualifications of jurors," etc. Gen. Stat., 643.

Section 405 of the criminal code provides that " after the discharge of the grand jury it shall be lawful for the *court*, when it shall be deemed necessary, to order the sheriff to call together a new grand jury from the bystanders or neighboring citizens," etc.    Gen. Stat., 815.

This is a power that should be very sparingly exercised by a court.    The object of selecting a jury in the manner provided by the statute is to avoid bias, partiality, and favoritism.    And it is only in the cases pointed out by the statute that a court can order a grand jury to be summoned by the sheriff.    The court may, however, when necessary, order as many talesmen to be summoned as may be necessary to fill the panel with unobjectionable jurors.

But objections to the mode of selecting the jury must be made by challenge or plea in abatement. After the accused has pleaded to the indictment, it is too late to object that the jury were not legally summoned. When a judge of the district court calls a special term of court, and desires a grand or petit jury, it is his duty in the order to direct the summoning of such jury. The jury must then be selected in the same manner as for regular terms of court.    But no objections having been made to the manner of selecting the grand and petit juries, the error is therefore waived.

A number of instructions were given by the court, but one of which will be considered :

" 6th. If you find from the evidence and circumstances in the case the accused did the shooting as charged,

you have a right to presume therefrom that he intended to do it, and imply malice therefrom, as it is a legal presumption he intended to do what he actually did. In law, a rifle, gun, or pistol, loaded with powder and ball, and used in its ordinary way, is a deadly weapon. And should you find the accused committed the homicide with a rifle, gun, or pistol, you have a right to presume malice therefrom, and it is incumbent on the accused, by way of justification, excuse, or otherwise, to remove this legal presumption."

Had the fact of the shooting alone been proved this instruction would have been correct. But the plaintiff had testified in the case, in substance, that he had acted in self defense. His testimony must be submitted to the jury and given such credence as they may think it entitled to. But this instruction virtually withdrew that question from them, and must have been prejudicial to the accused; and for this reason alone the judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.