11   159'
30   449
30   576
31   561
11   159
36   253
38   587

## EX PARTE JOHN BOLAND.

1. MUNICIPAL PROSECUTIONS.— Though all prosecutions for offenses against the laws of the State must be carried on in the name of "The State of Texas," yet a city or town incorporated under the general law may ordain that offenders against its penal ordinances shall be prosecuted in the name of the municipality.   See the opinion *in extenso* on this subject, and note the construction placed on the enactments involved in the question.
2. HABEAS CORPUS.— In this State it is well settled that a prisoner held in custody under judicial proceedings which, though voidable, are not void, cannot obtain relief by *habeas corpus.*
3. SAME.— The writ of *habeas corpus* does not operate as a writ of error, a *certiorari*, or an appeal.   If, as in the present case, the relator is in custody under a *capias pro fine*, the judgment imposing the fine can be revised on *habeas corpus* no further than to determine whether the court *a quo* had jurisdiction to render it.   Mere error in the judgment is not remediable by *habeas corpus*, even when, as in the present case, no appeal will lie to the judgment.   *Quære:* what presumptions obtain in this State in favor of proceedings had in courts of justices of the peace, mayors and recorders?
4. CARRYING WEAPONS AS A MUNICIPAL OFFENSE.— A city ordinance made it penal to carry prohibited weapons within the corporate limits, but omitted to exempt travelers as does the Penal Code of the State.   *Held*, that the ordinance is not therefore void, but should be construed in subordination to the provisions of the Code, which except travelers and certain other classes from the inhibition.

HABEAS CORPUS on appeal from the County Court of Grayson. Tried below before the Hon. S. D. STEEDMAN, County Judge.

The case is clearly disclosed in the opinion of this court.

*J. P. Cox*, for the appellant. The court had jurisdiction to try the *habeas corpus*, although the same court rendering judgment. Art. 74, Code Crim. Procedure; *People ex rel. Tweed* v. *Liscomb*, 60 N. Y. 559; Same Case, 19 Amer. Rep. 211.

The ordinance is void because it contravenes the law of the State on the same subject, and fails to except travelers from its provisions. Penal Code, art. 319; *Hamilton* v. *State*, 3 Texas Ct. App. 643; *Canton* v. *Nist*, 9 Ohio St. 439; *Cooley on Limitations*, 344, and note; Dillon on Municipal Corp. (2d ed.) 263; 11 Ohio St. 688; *Kennebec R. R. Co.* v. *Kendall*, 31 Maine, 470; *U. S.* v. *Hart*, 1 Pet. C. C. 390; Butchers' Ben. Ass'n, 35 Pa. St. 151; *Mayor* v. *Beasley*, 1 Humph. (Tenn.) 232.

A prosecution under a city ordinance is a criminal action, even though the same act is made criminal by statute. Penal Code, art. 26; State Const. art. 2, sec. 10; *Burns* v. *La Grange*, 17 Texas, 415; *Smith* v. *San Antonio*, 17 Texas, 643; *Slaughter* v. *People*, 2 Doug. (Mich.), 334.

The latter proposition being true it follows that all prosecutions, even though before a recorder, must be carried on in the name of "The State of Texas." Constitution of State of Texas, art. 5, sec. 12; Code Crim. Proc. art. 19. In *Durst* v. *State*, 7 Texas, 74, and *Cox* v. *State*, 8 Texas Ct. App. 305, it was held that the last clause in the same article 5, to wit, "against the peace and dignity of the State," was indispensable. We direct this court's special attention to the reasoning of the court in construing an analogous clause to the one now before this court in the Constitution of Nebraska, wherein it is held that a

city cannot prosecute in its corporate name. *Cook* v. *Brownville*, 4 Nebraska, 101; Bishop's Stat. Crimes, sec. 406; *State* v. *Soragan*, 40 Vermont, 450.

Mayors' and recorders' courts are governed by same rules and mode of procedure as justices of the peace. Rev. Stat. art. 361; Code Crim. Proc. art. 895; *Prince* v. *State*, 37 Texas, 476. This being true, it follows that they can only enter the same judgment as a justice. Code Crim. Proc. art. 942.

Courts created by statute can only exercise such power as is given them thereby, and are dependent upon the statute for power. *Baker* v. *Chisholm*, 3 Texas, 157; *Cowan* v. *Nixon*, 28 Texas, 231; *Roach* v. *Van Riswick*, 8 Reporter, 814.

The demurrer of the city of Denison to relator's petition for *habeas corpus* admits to be true all stated therein. 1 Bishop Crim. Proc. sec. 741.

We therefore respectfully submit that the judgment of the County Court is a void judgment because it had no power or jurisdiction to render the judgment, and, having refused to discharge the relator, we ask that the case be reversed and the relator discharged.

*H. Chilton*, Assistant Attorney General, for the State.

Winkler, J. The appellant was arrested on a complaint charging him with the violation of one of the ordinances of the city of Denison, and was fined in the sum of twenty-five dollars. From the action of the recorder an appeal was taken to the County Court, where a like judgment was rendered, and he was condemned to pay to the city of Denison twenty-five dollars and costs. The appellant failing to pay the amount of fine and costs, a *capias pro fine* was issued, directing that he be arrested and held until the fine and costs were paid.

Whilst so in arrest and in the custody of the sheriff,

under and by virtue of the proceedings above set out, he sued out a writ of *habeas corpus* before the county judge, and, the petitioner being brought before the county judge in response to the writ, the city attorney of the city of Denison moved to dismiss the writ of *habeas corpus*, and to remand the applicant to the sheriff of the county for the following reasons: "1. Because all the matters and things complained of by said Boland are *res adjudicata;* 2, because the court has no jurisdiction to revise and correct and set aside its judgments by proceedings in the nature of a writ of *habeas corpus;* 3, because, if the defendant Boland has any remedy for the wrongs complained of in his petition, then the same is by an appeal to the Court of Appeals, and not by a writ of *habeas corpus* in this court; 4, because said petition shows on its face that the said Boland is held in custody by process issued from a judgment rendered by a court having proper jurisdiction, in full force and effect and not in any manner appealed from; and 5, because of other defects in the said petition, which shows that the said Boland had no legal cause of complaint." This motion coming on to be heard, it was sustained and the writ of *habeas corpus* was dismissed, and the relator was remanded to the sheriff until the judgment of the County Court in the case of the city of Denison against the relator should be satisfied; and from that judgment this appeal is prosecuted.

It is averred in the relator's petition that the complaint and all the proceedings, the process, and the trial before the recorder were had and carried on in the name of the city of Denison, and not in the name of the State of Texas, as required by the Constitution and laws of the State, and notwithstanding the protest and objection of the petitioner to the jurisdiction of the recorder, and to said manner of procedure in the form of criminal proceeding. It seems, too, that a similar "objection and protest" was made in the County Court on the hearing of

the case on appeal from the recorder's court. It is charged
in the petition for *habeas corpus* "that neither the said
recorder's court nor said County Court had any power, ju-
risdiction, or authority to arrest, detain or fine your peti-
tioner in a criminal proceeding prosecuted in the name of
the city of Denison; that the pretended ordinance under
which your petitioner was prosecuted and charged with
violating was and is unconstitutional, illegal and void,
because it contravenes the statute of the State of Texas
on the same subject. . . That all of said judgment, pro-
ceedings and arrest are radical in character, illegal and
void." It is stated in the petition that both the recorder
and the County Court entertained the proceedings against
the relator notwithstanding his protests and objections.
It is not averred that he made these protests and objec-
tions before either tribunal in open court and whilst the
case was on trial before the court; so that, applying the
rule that the language of the pleading must be construed
most strongly against the pleader, it is but fair to pre-
sume that these protests and objections were made to
some one else than the judges, and somewhere else than
in either the recorder's court or the County Court.

There are three questions presented for consideration
and determination: 1st. Is it lawful for the city of Deni-
son to prosecute those who violate the penal ordinances
of the city, in the name of the city, or must such vio-
lators be prosecuted in the name of the State of Texas?
2d. Is the proceeding under which the relator is shown to
be held void, or simply voidable? If void, *habeas corpus*
will relieve; if voidable merely, it will not. 3d. Is the
ordinance of the city unconstitutional or illegal?

The general incorporation law of this State, under
which the city of Denison seems to be organized, among
other things provides that the cities or towns may estab-
lish the office of recorder, and prescribes the jurisdiction
of recorders' courts, and also enacts "that all prosecu-

tions, trials and proceedings had in said courts, under this title, shall be governed by the laws and rules regulating trials, prosecutions and proceedings in justices' courts in force at the time." Rev. Stats. art. 361. And for any offense for which the penalty may be fine or imprisonment, or both, the defendant, if he demands it, "shall be entitled to be tried by a jury of six men, to be summoned, impaneled and qualified as jurors in justices' courts under the laws of this State." Art. 362.

It is found provided in the title (Title XI, Code Crim. Proc.) relating to proceedings in criminal actions before justices of the peace, mayors and recorders (page 106), that "The mayor, or the officer by law exercising the duties usually incumbent upon the mayors of incorporated towns and cities, and recorders thereof, shall exercise, within the corporate limits of their respective towns or cities, the same criminal jurisdiction which belongs to justices of the peace within their jurisdiction, under the provisions of this Code." (Art. 894.) And "The proceedings before mayors or recorders shall be governed by the same rules which are prescribed for justices of the peace, and every provision of this Code with respect to a justice shall be construed to extend to mayors and recorders within the limits of their jurisdiction." Art. 895.

In article 903 the requisites of a complaint, such as is prescribed in the preceding article (902), are enumerated, as follows: "The complaint shall state, 1. The name of the accused, if known; and if unknown, it shall describe him as accurately as practicable. 2. The offense with which he is charged shall be stated in plain and intelligible words. 3. It must appear that the offense was committed in the county in which the complaint is made. 4. It must show, from the date of the offense stated therein, that the offense is not barred by limitation." Article 905 relates to the warrant to be issued on complaint being made, and declares that "said warrant shall be deemed

sufficient if it contain the following requisites: 1. It shall issue in the name of the State of Texas. 2. It shall be directed to the proper sheriff, constable, or marshal, or to some other person named therein. 3. It shall command that the body of the accused be taken and brought before the authority issuing the warrant at a time and place therein named. 4. It must state the name of the person whose arrest is ordered, if it be known; and if not known, he must be described as in the complaint. 5. It must state that the person is accused of some offense against the laws of the State, naming the offense. 6. It must be signed by the justice, and his office named in the body of the warrant, or in connection with his signature." There is another provision of the Code which should be taken into consideration as bearing upon our present inquiry, as follows: "A defendant shall not be discharged by reason of any informality in the complaint or warrant, and the proceeding before the justice shall be conducted without reference to technical rules." Art. 916 of the same title referred to above.

From the provisions of the several articles of the Code which we have quoted, and from the whole scope and tenor of four chapters embraced in Title XI of the Code of Criminal Procedure, we are led to the conclusion that these provisions relate exclusively to the prosecution of criminal offenses against the laws of the State, whether prosecuted before justices of the peace, mayors or recorders, and afford no light upon the precise question we are now considering, to wit: Is it lawful for the city of Denison to prosecute those who violate the penal ordinances of the city, in the name of the city, or must such violators be prosecuted in the name of the State of Texas? Inasmuch, therefore, as the general laws seem not to furnish any precise rule by which to decide this question, we must look to the regulations prescribed by the city, and the authorities conferred by the general law under

which the city corporation derives its authority, for a solution of the question. Now, in the absence of anything appearing to the contrary, it is fair and legal for this court to presume that the city of Denison had by ordinance provided for the proceedings had in the present case, and that the recorder proceeded in conformity to the rules and regulations which had been prescribed for his government in prosecutions for violations of the ordinances provided by the proper law-making power of the city; that what was done had been done in accordance with and not in violation of law or without authority of law. And therefore we are of opinion that the interrogatory propounded must be answered in the affirmative, that those amenable to the regulations and ordinances of the city of Denison may be prosecuted for a violation of the penal ordinances in the name of the city of Denison, and that it is only necessary that the prosecutions should be conducted in the name of the State when the prosecution shall be for a violation of the laws of the State.

2. Is the proceeding under which the relator is shown to be held void, or simply voidable? The doctrine is well settled, in this State at least, that if the proceeding under which a person is held in custody and restrained of his liberty is merely voidable, he cannot be released on *habeas corpus*, but must seek his remedy in some other manner. The ordinary mode of seeking redress against a voidable judgment in a criminal proceeding would be by appeal. The writ of *habeas corpus* was never designed to operate as a writ of error, a *certiorari*, or as an appeal. *Perry* v. *State*, 41 Texas, 488; *Darrah* v. *Westerlage*, 44 Texas, 388; *Ex Parte Schwartz*, 2 Texas Ct. App. 75; *Ex Parte Slaren*, 3 Texas Ct. App. 662; *Ex Parte Oliver*, 3 Texas Ct. App. 345; *Ex Parte Mabry*, 5 Texas Ct. App. 93; *Griffin* v. *State*, 5 Texas Ct. App. 475; *Ex Parte McGill*, 6 Texas Ct. App. 498. The writ may be resorted to when the proceedings sought to be inquired into are radical in

their character, illegal and void. *Ex Parte Slaren*, 3 Texas Ct. App. 662. It deals with such irregularities as render the proceedings void. *Perry* v. *State*, 41 Texas, 488. It does not reach such irregularities as would render a judgment voidable only, but only such irregularities as render the proceedings void. *Ex Parte McGill*, 6 Texas Ct. App. 498. Illegality is properly predicable of radical defects only, and signifies that which is contrary to the principles of law, as distinguishable from mere rules of procedure. *Ex Parte Schwartz*, 2 Texas Ct. App. 75. An irregularity is defined to be a want of adherence to some prescribed rule or mode of proceeding. It consists in omitting to do something which should have been done, or in doing it in an unreasonable time or in an improper manner. *Id.* When the return to the writ of *habeas corpus* shows a commitment to enforce the payment of a fine imposed by a court, the extent to which the judgment imposing the fine can be investigated is to inquire into the jurisdiction of the court to impose the fine. *Darrah* v. *Westerlage*, 44 Texas, 388.

Under the provisions of the Code, the Court of Appeals cannot revise the opinion of the trial court on incidental questions arising on the hearing; the case must be determined on the law and the facts arising upon the record. *Ex Parte Rothschild*, 2 Texas Ct. App. 560. Neither the sufficiency nor validity of an indictment, nor the constitutionality of the law upon which the indictment is founded, are questions which can be appropriately presented by a writ of *habeas corpus*. *Parker* v. *State*, 5 Texas Ct. App. 579. When the County Court obtains jurisdiction by appeal, its judgment cannot be revised on appeal. *Ex Parte Schwartz, supra; Ex Parte Call*, 2 Texas Ct. App. 479.

There is a class of cases where the right of appeal ends with the County Court, however great the seeming hardship may be to the party interested. Among these cases

may be classed criminal proceedings commenced before justices' courts, mayors and recorders of incorporated cities and towns, and taken to the County Court by appeal or otherwise. In such cases the right to appeal further is limited by the Constitution and the laws. If a convicted defendant can bring himself within these constitutional and legal provisions, an appeal will lie to this court; if he cannot, then the judgment of the County Court is a finality, and he is without remedy, even by a resort to the writ of *habeas corpus*. Much discussion is found in the books as to the presumptions to be indulged in favor of the jurisdiction, as between superior and inferior courts. It was said in *Peacocke* v. *Bell and Kendall*, 1 Saund. 74, cited in Hurd on Habeas Corpus, 368, that a court may be limited and subordinated in its jurisdiction and yet not be an "inferior court in the sense that it ought to certify everything precisely." There appears to have been some difficulty in the application of this rule to particular courts, and some contrariety of opinion in the rulings of different courts, as to whether the court in question was to be treated as one of general jurisdiction, in whose favor the presumptions in favor of jurisdiction are in general much larger than ordinarily indulged towards inferior courts by the general rule as above laid down. See the cases collated in Hurd on Habeas Corpus, 369. Among the cases mentioned is that of *Wright* v. *Hazen*, 24 Vermont, 143, in which the court is quoted as having used language which meets our approbation, as follows: "We are aware that the decisions in New York, and probably in some other States, have required the justice to know the facts limiting the extent of his jurisdiction, at his peril. But no such rule has ever been applied to courts of general jurisdiction either in Westminster Hall or in this country; *and the jurisdiction of justices of the peace has become so important and extensive that we incline to believe sound policy requires us to extend the same rule of*

*construction in favor of their jurisdiction which is done in favor of courts of general jurisdiction.*" The italics are in the work we copy from. To our minds the rule here laid down is founded in reason and would apply with perhaps additional force to courts of justices of the peace in Texas, where their jurisdiction is so important and extensive as they are under our system.

If we are correct in our application of the rule laid down in the Vermont case quoted from,—and we believe our conclusions are correct,—then the presumptions of law in favor of the jurisdiction of justices of the peace in this State would be the same as are accorded in the books to what are denominated courts of general jurisdiction, and the same rules, so far as applicable under the statutory provisions quoted above, would apply to mayors' and recorders' courts. Still, we appreciate the force of the following statement of Mr. Hurd: "As a want of jurisdiction renders a legal process void and entitles the prisoner imprisoned under it to be set free, the existence of it becomes in all cases a question of leading importance. The power of one court to declare the judgment of another a nullity, when that judgment is only brought collaterally in question, is one which requires in its exercise cautious circumspection, even when the question arises before the highest judicial tribunal; and it becomes one of exceeding delicacy when it arises before a co-ordinate, or, as it frequently happens in *habeas corpus,* before an inferior tribunal." Hurd, 369. If we adopt the Vermont rule above laid down, with regard to justices of the peace, the rule laid down in *Peacocke* v. *Bell and Kendall,* 1 Saunders, 74, would be modified so as to read that nothing shall be intended to be out of the jurisdiction of a superior court or a justice's court, except that which specially appears to be so. Whether other of Mr. Hurd's rules would also require modification, it is not necessary now to inquire.

From a reasonable application of the rules of law above laid down we conclude, without further amplification, that the process by which the relator was held when the writ of *habeas corpus* was sued out, was not a void process, and that *habeas corpus* would not relieve him against its operation. When the original case was before the County Court on the defendant's appeal, he then had his day in court, and, for aught that appears from the proceedings before us, all the questions presented by his petition for *habeas corpus* could then have been presented and decided by the County Court, and such a decision would have been within the jurisdiction of the County Court. And it appearing that the County Court had jurisdiction of the person of the defendant as well as of the matter in litigation, whatever defense he had it became his duty to submit it to that court and at that time; and if by the Constitution and the law he was not entitled to a further appeal he is without remedy, and the writ of *habeas corpus* cannot be invoked to relieve him from custody, he being confined on account of his failure to pay a pecuniary fine imposed against him on a regular trial before a court of competent jurisdiction.

As to the third question involved, to wit, the constitutionality and legality of the ordinance the defendant is charged to have violated, this, too, could have been presented before the County Court when the original case was pending and tried therein, and, if the constitutionality of a law under which a citizen has been indicted cannot be inquired into on *habeas corpus*, as was decided in Parker's case above referred to, we see no reason why the same rule would not apply as well to an ordinance of the city of Denison. But, aside from this, the powers conferred on cities and towns by the general law are large and very general. Among the authorities thus conferred, they are granted general authority to pass, publish, amend, or repeal all ordinances, rules and police reg-

ulations not contrary to the Constitution of this State. Rev. Stats. art. 418. It is contended that the ordinance under which this appellant was arrested is illegal and void, in that it omits to contain a portion of the provisions of the general law of the State on the subject of carrying arms illegally. The precise variance between the ordinance in question and the general law is that the ordinance fails to include any provision with reference to travelers or to persons fearing an attack upon their persons, whereas the general law permits such persons to carry arms. The ordinance must be construed with articles 318 and 319 of the Penal Code, in order to see the force of the argument. To our minds the proper construction of this ordinance is not that it is illegal and void, but that, whilst the ordinance would not protect a person traveling or one who has reasonable ground for fearing an unlawful attack upon his person, the provisions of article 317, Penal Code, would protect him anywhere in the State, whether in or out of the city of Denison. The ordinance and the Code are susceptible of being construed together so that both may stand, and the ordinance is not obnoxious to the objection urged against it.

As to the question as to whether the county judge had authority to grant the writ of *habeas corpus.* It seems to be conceded by all parties that he had such authority, and hence it is unnecessary in determining this case that we should consider the question further. The appellant is in no condition to question the authority he has himself invoked. Something is said in the relator's petition as to the power of the County Court to amend its judgment after the expiration of the term. This matter is not so presented as that it can be invoked by the appellant in this proceeding. It can at most but amount to an irregularity not susceptible of inquiry on *habeas corpus.* It is only claimed that the judgment was so amended as

to authorize the issuance of an execution in addition to the imprisonment of the defendant, and the allegation is not supported by proof nor does it appear that the amendment was not made on proper notice to the defendant.

Upon the whole our conclusions are that the appellant has failed to show that he is illegally restrained of his liberty, and that the county judge did not err in dismissing the case and remanding the prisoner into custody, on motion of the city attorney. The judgment must be affirmed.

*Affirmed.*