IN RE GORHAM F. BETTS.

FILED FEBRUARY 15, 1893. No. 5920.

1. **Habeas Corpus:** REVIEW. Mere errors and irregularities in a judgment or proceeding of a court in a criminal case, under and by virtue of which a person is imprisoned, which are not of such a character as render the proceedings void, cannot be reviewed on an application for a writ of *habeas corpus*. That writ cannot operate as a writ of error.

2. ———: ———: GRAND JURY. Defects or irregularities in the
   calling, drawing, or summoning of grand juries cannot be con-
   sidered upon *habeas corpus.*

ORIGINAL application for writ of *habeas corpus.*

*William B. Price* and *Charles O. Whedon,* for petitioner.

*George H. Hastings, Attorney General,* and *N. Z. Snell,*
for the state.

NORVAL, J.

This is an original application to this court by the pe-
titioner, Gorham F. Betts, for a writ of *habeas corpus.*
The petitioner is confined in the jail of Lancaster county
by the sheriff of said county, by virtue of four warrants, or
writs of *capias,* issued by the clerk of the district court of
the said county of Lancaster, which said warrants were re-
spectively issued and based upon four indictments found
and returned into said court at the September, 1892, term
thereof by the grand jury of said county, which said in-
dictments charge the petitioner with the commission of
divers felonies.

The petition for the writ of *habeas corpus* shows that
the term of court at which said indictments were presented
and filed commenced on the 19th day of September, 1892,
and that the only order made by the judge of said court
directing a grand jury to be drawn or summoned to attend
at the said term of court was and is an order made in open
court by the judges thereof on the 25th day of October,
1892.

The petition also charges, in substance, that neither
the clerk of said district court, nor his deputy, together
with either the sheriff, his deputy, or the coroner of said
county, ten days, or any time, before the first day of the
session of said district court at said term thereof, met and
drew the names of sixteen persons to serve as grand jurors;

that the county board of said county did not twenty days, nor any number of days, before the commencement of the term of court at which said indictments were found and presented, select twenty-three persons, possessing the qualifications as provided in section 2 of chapter 43 of the Session Laws of 1889, to serve as grand jurors; that no order, proceeding, or step was made, had, or taken by either of the judges of said court, nor by the county board, the county clerk, his deputy, the sheriff, his deputy, nor the coroner in the selecting, drawing, or summoning of a grand jury for said September term of said court prior to the commencement of said term, nor for more than a month after such commencement.

The cause is submitted on a general demurrer to the petition. The sole ground upon which the writ is asked is that the grand jury which indicted the petitioner was not a legal body, for the alleged reason that the grand jurors were not ordered, selected, and summoned at the time and in the mode prescribed by section 5227 of Cobbey's Consolidated Statutes.

Whether the said grand jury was or was not a legally constituted tribunal we are not called upon to determine in this case, nor do we now decide. The supposed errors and defects relied upon are not jurisdictional, and hence are not available in a proceeding like this, for it is well established in this state that mere errors and irregularities in a judgment or proceedings of an inferior court in a criminal case, under and by virtue of which a person is imprisoned, or deprived of his liberty, but which are not of such a character as to render the proceedings absolutely void, cannot be reviewed on an application for a writ of *habeas corpus.* The writ cannot perform the office of a writ of error, but only reaches jurisdictional defects in the proceedings. (*Ex parte Fisher,* 6 Neb., 309; *In re Balcom,* 12 Id., 316; *State v. Banks,* 24 Id., 322; *Buchanan v. Mallalieu,* 25 Id., 201.) And the rule just stated has sup-

port in numerous decisions from other courts. (*State v. Orton*, 67 Ia., 554; *In re Graham*, 74 Wis., 450; *In re Ellis*, 44 N. W. Rep. [Mich.], 616; *In re Pikulik*, 51 Id. [Wis.], 261; *Emanuel v. State*, 36 Miss., 627; *Ex parte Boland*, 11 Tex. Ct. App., 159; *Ex parte Bowen*, 25 Fla., 214; *Com., ex rel. Davis, v. Lecky*, 1 Watts [Pa.], 66; *People v. Rulloff*, 5 Parker Cr. Rep. [N. Y.], 77; *Ex parte McCullough*, 35 Cal., 97; *Ex parte Mirande*, 14 Pac. Rep. [Cal.], 888; *In re Bion*, 59 Conn., 372; *Ex parte Smith*, 26 Pac. Rep. [Cal.], 638; *Ex parte Brandon*, 4 S. W. Rep. [Ark.], 452; *Ex parte McKnight*, 48 O. St., 588; *Ex parte Parks*, 93 U. S., 18; *Ex parte Prince*, 9 So. Rep. [Fla.], 659; *O'Malia v. Wentworth*, 65 Me., 129.)

The Texas court of appeals, in *Ex parte Boland, supra,* in speaking of the office of the writ of *habeas corpus,* say that "the writ may be resorted to when the proceedings sought to be inquired into are radical in their character, illegal, and void. (*Ex parte Slaren*, 3 Tex. Ct. App., 662.) It deals with such irregularities as render the proceedings void. (*Perry v. State*, 41 Tex., 488.) It does not reach such irregularities as would render a judgment voidable only, but only such irregularities as render the proceedings void. (*Ex parte McGill*, 6 Tex. Ct. App., 498.) Illegality is properly predicable of radical defects only, and signifies that which is contrary to the principles of law, as distinguishable from mere rules of procedure. (*Ex parte Scwartz*, 2 Tex. Ct. App., 75.) An irregularity is defined to be a want of adherence to some prescribed rule or mode of proceeding. It consists in omitting to do something which should have been done, or in doing it in an unreasonable time, or in an improper manner."

The principle deducible from the authorities already cited is that where the party applying for a writ of *habeas corpus* is held in custody under a process, regular on its face, issued by a court having jurisdiction of the offense charged and of the person, if the proceedings are not void, although

they may be erroneous or voidable, he cannot obtain relief by *habeas corpus;* but where the proceedings are wholly void, because of want of jurisdiction of the court over the subject-matter, or are illegal, as distinguishable from being merely erroneous, the writ of *habeas corpus* is an appropriate remedy.

The statute confers authority upon the judge of a district court to order a grand jury for any term he chooses. The authority thus conferred was exercised by calling the grand jury in question. The district court of Lancaster county had jurisdiction of the subject-matter, and it has the power to pass upon the validity of the organization of such grand jury. Its ruling, in case there should be a conviction, can be reviewed by a writ of error, but its proceedings cannot be assailed collaterally. Objections to the manner of drawing, summoning, and impaneling of a grand jury must be taken advantage of by plea in abatement to the indictment, or motion to quash, or they will be waived. (*McElvoy v. State,* 9 Neb., 157; *Davis v. State,* 31 Id., 247.)

Section 444 of the Criminal Code declares that "the accused shall be taken to have waived all defects which may be excepted to by a motion to quash or a plea in abatement by demurring to an indictment, or pleading in bar, or the general issue." A mere reading of the above statutory provision clearly shows that the supposed errors here relied upon for a discharge of the petitioner are defects not going to the matter of jurisdiction. If they were, they could not be waived. That is plain. Our conclusion is that the legality of the grand jury cannot be inquired into on *habeas corpus.* The authorities so hold. (*Ex parte Warris,* 9 So. Rep. [Fla.], 718; *In re Ellis,* 44 N. W. Rep. [Mich.], 616; *Ex parte McConnell,* 23 Pac. Rep. [Cal.], 1119; *In re Wilson,* 140 U. S., 575; *Ex parte Twohig,* 13 Nev., 302; *Ex parte Springer,* 1 Utah, 214.)

It follows from what we have already said that the de-

murrer to the application for the writ must be sustained, and the action

DISMISSED.

THE other judges concur.