54  667
55  705

54  667
61  551

## In re William C. Ream.

Filed April 21, 1898.   No. 9932.

1. **Habeas Corpus:** Irregularities in Trial of Accused. Mere errors or irregularities in the proceedings or judgment of a court in a criminal case will not be examined or inquired into on an application for a writ of habeas corpus.

2. ——: ——: Validity of Conviction: Criminal Law. If the court has jurisdiction of the person of the accused and of the crime charged and does not exceed its lawful authority in passing sentence, its judgment is not void, whatever errors may have occurred during the trial.

Original application for writ of habeas corpus. *Writ denied.*

*H. H. Bowes*, for petitioner.

*C. J. Smyth, Attorney General*, and *Ed P. Smith, Deputy Attorney General*, for the state.

Sullivan, J.

This is an application by William C. Ream, to this court in the exercise of its original jurisdiction, for a writ of habeas corpus directed to the warden of the penitentiary, in whose custody the petitioner is held under a sentence pronounced against him by the district court. Accompanying the petition is an agreed statement of facts, from which it appears that the crime of which Ream was convicted and for which he is now imprisoned was set forth in the information in the following language: "Said county attorney for the third count of this information further gives the court to understand and be informed that said William Ream, at the time and place mentioned in the first count of this information, being on or about the 12th day of May, A. D. 1896, in the county of Thurston and state of Nebraska aforesaid, then and there being, did then and there willfully, feloniously, and unlawfully

buy and receive said twenty-three steers of the value of the sum of five hundred dollars, and said two cows of the value of forty dollars, being the property of said Swan Olson, which had then and there been stolen, he, the said William Ream, then and there well knowing the same to have been so stolen, with the intent thereby of him, the said William Ream, by such receiving and buying to defraud the owner thereof, said Swan Olson, contrary to the statute in such case made and provided and against the peace and dignity of the people of the state of Nebraska." The contention of the petitioner is that he was prosecuted, convicted, and sentenced under an act of the legislature of 1895, entitled "An act to punish cattle stealing and to punish persons receiving or buying stolen cattle and to punish all persons harboring or concealing cattle thieves," and that such act did not pass both branches of the legislature and never became a law. A decision of the question thus raised is not essential to a proper disposition of this case and we do not now decide it. Conceding the position of the petitioner to be correct, it does not follow that he is unlawfully imprisoned and therefore entitled to be discharged. Section 116 of the Criminal Code has been in force since 1873 and is as follows: "If any person shall receive or buy any goods or chattels [of] the value of thirty-five dollars or upwards, that shall be stolen or taken by robbers, with intent to defraud the owner, or shall harbor or conceal any robber or thief guilty of felony knowing him or her to be such, every person so offending shall be imprisoned in the penitentiary not more than seven years, nor less than one." The third count of the information distinctly charged the petitioner with a violation of this section, the jury declared him guilty, and the court sentenced him to imprisonment in the penitentiary for a period of six and one-half years. So it clearly appears that Ream is in the custody of the respondent by virtue of a judgment rendered by the district court in the exercise of its undoubted jurisdiction. If error was

committed at the trial it cannot be reviewed or corrected in this proceeding.  It is a fundamental principle that errors or irregularities, not jurisdictional, will not be examined or inquired into on habeas corpus.' The writ cannot be converted into a writ of error.  (*Ex parte Parks,* 93 U: S. 18; *Ex parte Yarbrough,* 110 U. S. 651; *In re Betts,* 36 Neb. 282; *In re Havlik,* 45 Neb. 747; *In re McVey,* 50 Neb. 481.)  If the court has jurisdiction of the person of the accused and of the crime charged in the information and does not exceed its lawful authority in passing sentence, its judgment is not void whatever errors may have preceded the rendition thereof.  (*Ex parte Siebold,* 100 U. S. 371; *Ex parte Watkins,* 3 Peters [U. S.] 193.)  The information charged Ream with the commission of a crime. The court had jurisdiction of that crime and of the prisoner who was brought before it.  The sentence pronounced was based on a verdict of conviction, was within the limits fixed by the statute, and, not having been set aside in a direct proceeding, must now be enforced.  That the prosecution may have been instituted and carried forward and sentence passed with reference to a void enactment and in ignorance of the existence of section 116 aforesaid would not at all affect the question.  The validity of judicial orders and judgments does not depend upon the reason for the court's action, but upon the possession by it of lawful authority to hear and determine the matter before it.  The writ is

DENIED.