## G. W. MALONE v. JESSE SCOTT.

1. In a suit by a tenant for damages against the landlord for a violation of the contract of lease, where the lease was verbal and the testimony conflicting as to the terms of the contract of lease, it is error to instruct the jury that "the number of hands employed in the crop is no part of the contract." *Such instruction has the effect of excluding the testimony to that effect from the jury.*

2. See a case where evidence was insufficient to support the verdict.

APPEAL from Travis. Tried below before the Hon. J. P. Richardson.

Jesse Scott sued G. W. Malone for damages, charging that plaintiff had leased the farm of defendant for the year 1869, Malone to furnish plows, teams, etc., plaintiff to furnish his provisions and to cultivate the farm, and the parties to share equally the crop; that plaintiff, under the contract, planted fifty acres corn, and twenty-five in cotton, and had cultivated it well; and when the crop was nearly ready to be laid by, defendant, with threats of violence and by force, drove plaintiff from the farm, and appropriated the crop—of great value (giving the value), claiming damages punitive as well as actual.

Defendant claimed that plaintiff had neglected the crop, had violated his contract, and pleaded in reconvention damages, and for labor and money expended in growing the crop, etc.

Verdict and judgment for Scott for $800, from which Malone appealed.

*Moore & Shelley*, for appellant.

*Smith & James*, for appellee, cited Stewart v. Hamilton, 19 Texas, 101; Russell v. Mason, 8 Texas, 228; Anderson v. Anderson, 23 Texas, 641; Long v. Steiger, 8 Texas, 462; Gamage v. Trawick, 19 Texas, 64; Briscoe v. Bronough, 1 Texas, 340; Edrington v. Kiger, 4 Texas, 93.

OGDEN, P. J.—This is a contract by the appellee to rent and cultivate land from the appellant. The case was tried in the District Court and appealed to this court. There are but two assignments of error. The first is in regard to one of the charges given by the court to the jury, and which is in the following language: "If the plaintiff did not so cultivate the land, the defendant had the right either to terminate the contract or to employ hands to cultivate, and charge the expenses to the plaintiff. If he chose the latter course, the plaintiff would be entitled to his share of the crop, deducting the expense

for so cultivating it." We think there is no error in this
charge. Upon the failure of the tenant to cultivate ac-
cording to the contract of tenancy, the landlord has the
right to consider the contract as broken and the tenancy
at an end ; or he may, if he so chose, consider the ten-
ancy as continuing, and employ hands to perform the
work which the tenant was bound to do, but from any
cause had failed to perform, and charge the expense of
such employment to the tenant. This is in substance the
very charge of the court, in very concise and comprehen-
sive language, and of which we think appellant has no
right to complain.

The second and only remaining error assigned is, "The
verdict is contrary to the law and the evidence."

We are unable to see wherein the verdict is contrary to
the law ; at least the appellant has failed to show where-
in the conflict exists.

On the facts of the case there is some apparent conflict in
the testimony, but the jury were the proper judges of that
conflict and of the facts established, by the reconciled or
creditable testimony; and in such cases it is not the prov-
ince of this court to revise the verdicts of juries on the
facts, unless great apparent injury has been done.

The judgment of the District Court is therefore affirmed.

AFFIRMED.

Opinion delivered October 14, 1873.

Motion for rehearing was filed and continued.

### ON REHEARING.

REEVES, ASSOCIATE JUSTICE.—This was a suit brought
by appellee against appellant to recover damages for an
alleged breach of contract between these parties for the
rent of appellant's farm for the year 1869. The parties are
not agreed as to the terms of the contract in all its parts.

Each complains of the other, and seeks to recover damages for violating it, as alleged in the petition and in the answer.  The appellee, in his petition, complains that appellant, on or about the twelfth of June, 1869, after the crop was nearly made, and without provocation, drove him away from the premises, threatening to shoot him if he did not leave, and appropriated to his own use the produce raised upon the farm, consisting of thirty-four bales of cotton, nine hundred bushels of corn, and one thousand and fifty bushels of cotton seed, of which appellee was entitled to have one-half.

The defendant, among various grounds of defense, sets up that the plaintiff, Scott, failed to furnish the number of hands he had contracted to furnish for the cultivation of the farm.

Both parties amended and set forth the particular acts and omissions charged as violations of the agreement, and for which each sought to recover damages against the other.  These grounds will be noticed so far only as may be necessary to dispose of the assignment of errors, only two in number:

"1. The court erred in the last charge given to the jury.

"2. The verdict of the jury is contrary to the law and the evidence."

The last portion of the charge cannot be readily understood as a distinct proposition, and must be considered as connected with that which immediately precedes it and of which it forms a part.  Together they are as follows:

"The number of hands employed in the crop was no part of the contract.  The plaintiff contracted to cultivate the crop; and if he did, in a proper and farmer-like manner, cultivate the crop, he fulfilled his contract, whether he had one hand or four.

"If he did not so cultivate it, the defendant had a right either to terminate the contract or to employ hands to cultivate it and charge the expense to the plaintiff.  If he

chose the latter course, the plaintiff would be entitled to his share of the crop, deducting the expense incurred for so cultivating it."

The contract being verbal, its terms should have been left to the jury, under the evidence, and it was error to charge the jury that the number of hands employed in the crop was no part of the contract. The effect of that part of the instructions was to exclude from the consideration of the jury the evidence of the defendant, Malone, who was examined and testified as a witness in the case. He testified that the plaintiff contracted to cultivate forty-three acres in cotton, seventeen in corn, and two in potatoes ; that plaintiff agreed to furnish four hands, his two brothers, his father, and his cousin, to cultivate the land.

The testimony of the plaintiff, who was also examined as a witness, was that he made a contract with the defendant to cultivate his farm ; that he planted about fifty acres in cotton, and about twenty acres in corn, and employed his two brothers to assist him in cultivating the farm.

Under the charge the jury were authorized to conclude that Scott, under the contract, was not required to do more than cultivate the farm, without regard to the number of acres, or the kind of the crop, or its proportion in reference to the cotton, corn and potatoes. Excluding the evidence of Malone, it is not improbable that such inference may have been drawn by the jury.

This part of the charge was calculated to mislead the jury and place the defendant at disadvantage before them in weighing the evidence where it was conflicting.

The evidence fails to show a satisfactory basis for the settlement of the rights of the parties. The value of cotton and corn in 1869 is proved, but not how much of either was raised, leaving the amount uncertain and furnishing no rule to estimate it except by the number of acres, the mode of cultivating the crop, and whether it was good or otherwise.

The plaintiff's right to recover ought to have been better defined by evidence than it was; and though regarded as a case in which the evidence was conflicting, and that the jury had the right to judge of the credibility of the witnesses and the weight of the evidence, the verdict was not supported by evidence from which the jury could compute the damages claimed by the plaintiff in his petition.

The evidence as shown by the record was not sufficient to enable the jury to estimate the expense incurred by defendant for cultivating the crop. The defendant in his answer alleges the number of days the plaintiff and the hands with him were engaged in the crop, but there is no proof of the value of the services, if that should have been made a ground of defense and taken as the mode of settlement. The expenses incurred by defendant are not proved, though set up in his answer, and shown by the account referred to in the answer. The charge in this respect is favorable to the defendant, and is referred to as showing that the rights of the parties were not decided on a proper basis, and that the case may be presented on another trial in accordance with the rights of all parties. And for that purpose the motion for a rehearing is granted, the judgment of the District Court reversed and cause remanded for further proceedings.

REVERSED AND REMANDED.

Justice Moore, having been of counsel, did not sit in this case.