JOHN L. DARRAH v. J. H. WESTERLAGE, CHIEF OF POLICE.

1. HABEAS CORPUS.—This writ cannot be made use of to effect an appeal or writ of error.

2. SAME.—When the return to the writ shows a commitment to enforce a fine imposed by a court, the extent to which the judgment imposing the fine can be investigated is to inquire into the jurisdiction of the court to impose the fine.

3. SAME.—Darrah was fined by the recorder's court of the city of Galveston for a breach of an ordinance, and in default of payment was committed to the custody of the chief of police of the city. He obtained a writ of *habeas corpus* and sought on the hearing to disprove the charge on which he was adjudged guilty by the recorder: *Held*, That the exclusion of such testimony was not error.

APPEAL from an order in chambers made by Hon. Samuel Dodge, Judge of the Criminal District Court of Galveston.

*J. T. Harcourt*, for appellee.

IRELAND, ASSOCIATE JUSTICE.—The appellant was charged with a violation of the fire ordinances of the city of Galveston, and after a hearing before the recorder, he was fined $100 and costs, and in default of payment was arrested by the chief of police, and he then sued out a writ of *habeas corpus* before Judge Dodge, of the Criminal District Court of Galveston county. After a hearing before that officer, he was remanded to the custody of the chief of police, and he prosecutes this appeal.

The warrant, judgment of the recorder, city ordinances, and commitment are made parts of the officer's return to the writ. There is a bill of exceptions taken to the refusal of the court below to hear testimony to disprove the facts upon which the recorder rendered his judgment. The validity of the recorder's court of the city of Galveston in all matters properly pertaining to his office, and authorized by the charter and ordinances of the city, has been heretofore passed upon and upheld by this court.

So long as the judgment of the recorder remained in force it was not competent for appellant to enter into an investigation of the facts upon which the recorder rendered his judgment. This could only be done by an appellate court.

The writ of *habeas corpus* cannot be made use of to effect an appeal or as a writ of error.

The extent to which the court below could go in looking into the orders of the recorder was as to his power to hear and determine the question involved in the trial before the recorder.

Whether the proof warranted the judgment was not a matter that could be investigated by the judge on the hearing of the writ of *habeas corpus*. That could only be done by an appellate court, and it was not error to reject the proof tendered by appellant. There is no error in the record for which the cause can be reversed, and it is affirmed.

AFFIRMED.