TEXAS SAVINGS AND REAL ESTATE INVESTMENT ASSOCIATION
v. HEIRS OF LEON PIERRE, DECEASED, ET AL.

No. 861.

1. Taxes—Special Charters of Cities of Over 10,000 Inhabitants—Constitutional Law.—That portion of section 56, article 3, of the Constitution, which prohibits the Legislature to pass any local or special law regulating the practice or jurisdiction of courts, or changing the rules of evidence in any judicial proceedings, has no application to acts of the Legislating granting special charters to cities of over 10,000 inhabitants; such charters are expressly authorized by section 5, article 11, of the Constitution, and the Legislature may engraft upon such a charter any provision of law which it might enact by general law.

2. Same—Evidence—Recitals in Tax Deed.—An Act of the Legislature, in a special charter of a city of over 10,000 inhabitants, containing a provision authorizing

the city to make a tax deed executed by the city tax collector "prima facie evidence that all prerequisites of the law have been complied with," is valid, and such deed is admissible in evidence without other proof.

3. **Special Charter of the City of Houston—Purchaser at Tax Sale—Tax Lien for Money Paid.**—Under the provisions of the special charter of the city of Houston, a purchaser at tax sale, whose title fails, has a lien upon the property for all taxes assessed thereon, and which have been paid, or shall have been paid at the time of the trial, with interest thereon, together with the costs of collecting such taxes.

ERROR from Harris.    Tried below before Hon. S. H. BRASHEAR.

*Ewing & Ring*, for plaintiff in error.—1. The deed was admissible in evidence as prima facie evidence of the title in the plaintiff. Section 33, amendment to the charter of the city of Houston, Special Laws 21st Leg., 1889, p. 108; Taylor v. Boyd, 63 Texas, 542; Transportation Co. v. Boyd, 67 Texas, 157; Dallas v. Western Electric Co., 83 Texas, 244.

2. It being admitted by the defendants (who claimed in answer filed by them to own the property) that no attempt had been made to redeem the property by repayment to plaintiff of the amount paid by plaintiff at the tax sale, and that since the execution of the deed plaintiff had paid State and county taxes on the property in the sum of $90.20, and no tender of repayment having been made, the defendants should not have been allowed to interpose any objection to the introduction in evidence of the tax deed.  Charter of City of Houston, sec. 33, p. 109, Special Laws 1889; Special Laws 1891, sec. 231; City of Henrietta v. Eustis, 87 Texas, 14.

3. The ruling of the court was necessarily fatal to plaintiff, and could not have been cured by additional evidence even if it had been tendered.   Wood v. Sutor, 70 Texas, 347.

No brief for the defendants in error reached the Reporter.

PLEASANTS, ASSOCIATE JUSTICE.—This appeal is submitted for decision upon the briefs and oral argument of counsel for appellant, there being neither brief nor argument presented on behalf of appellees.

The nature and result of the suit is thus stated by appellant: "This is a suit of trespass to try title, brought by the Texas Savings and Real Estate Investment Association originally against the unknown heirs of Leon Pierre, who were cited by publication.  An answer was filed by Madame Augustine Le Tellier and others, claiming to be the heirs of Leon Pierre, and the suit as to the unknown heirs was dismissed, service as to them not having been perfected, and the prosecution of same continued against the parties who, without objection, entered themselves as defendants.   On the trial the plaintiff offered a tax deed executed by the assessor and collector of taxes of the City of Houston, it being admitted by the defendants that the property de-

scribed in the deed had not been redeemed by repayment to plaintiff of amount paid by plaintiff at the tax sale, and that no attempt to redeem same had been made since the execution of the tax deed, and that since said deed was executed, plaintiff had paid State and county taxes on the property in the sum of $90.20.   It was also admitted that the deed was executed by Robert Adair, who was then assessor and collector of taxes of the City of Houston.   To the introduction in evidence of this deed defendants objected, 'on the ground that the deed was not admissible in evidence without first proving that the prerequisites of the law authorizing the sale of the property by the assessor and collector of taxes of the City of Houston were complied with; and also on the ground that the deed was not prima facie evidence that the prerequisites of the law had been complied with,' which objections being sustained by the court, the deed was excluded.   To this ruling of the court plaintiff excepted, and no further evidence being offered, judgment was rendered for defendant.''

From an inspection of the record, we find that this statement is entirely correct, and that its averments of admission of fact made by defendants on trial are all embodied in the statement of facts agreed to by the parties, and approved by the judge of the court.

The deed offered in evidence, and excluded by the court upon objection by defendants, is in these words:

''Whereas, there was duly assessed by the mayor, aldermen and inhabitants of the city of Houston upon the property hereinafter described, the sum of twelve $\frac{80}{100}$ dollars, for taxes due said city for the year beginning on the first day of January, 1890, as will fully appear by reference to the assessment of said city for said year.

'' And whereas the taxes assessed against said property as aforesaid not having been paid before the first of January, 1891, said property was placed upon the delinquent roll, said property with the amount of taxes due thereon being shown and described in said roll as follows: All of square No. 3 in the Forsgard addition, north side of Buffalo Bayou, in the City of Houston, county of Harris, State of Texas.

''And whereas said roll containing said property as aforesaid, after being prepared as aforesaid, was published by me for not less than ten days in a daily newspaper published in the city of Houston, together with my announcement that the property referred to in said roll would be sold for taxes on the 3rd day of March, 1891, at the door of the market house hall of said city of Houston, between the hours of 10 a. m. and 4 p. m., it being provided, however, in said advertisement, that if all the said property mentioned in said roll were not sold on said day, then said sale should continue from day to day thereafter until every tract of land referred to in said sale should be offered for sale.

''And whereas the sale of said property embraced in said roll was in fact duly begun by me on said 3rd day of March, 1891, and continued

from day to day until and inclusive of the 20th day of March, 1891, and on said day last named the taxes assessed as aforesaid upon said property hereinafter described, not having been paid, and being still due, said property was offered for sale to the highest bidder for cash, whereupon the Texas Savings and Real Estate Investment Association bid therefor the sum of twelve $\frac{80}{100}$ dollars, and no person having bid more, said property was then and there declared sold to said Texas Savings and Real Estate Investment Association, and said Texas Savings and Real Estate Investment Association having paid said purchase-money, to wit, said sum of twelve $\frac{80}{100}$ dollars, together with the further sum of four dollars for costs of sale, said sale of said property was thereby completed.   Now, therefore, know all men by these presents, that in consideration of the premises and of the said sum of twelve and $\frac{80}{100}$ dollars to me in hand paid, as aforesaid, I, Robt. Adair, assessor and collector of taxes of the mayor, aldermen, and inhabitants of the city of Houston, by virtue of the authority in me vested by the charter and ordinance of said city, have granted, sold, and conveyed, and by these presents do grant, sell, and convey to the Texas Savings and Real Estate Investment Association, all that certain tract of land lying and being situated within the corporate limits of the city of Houston, in Harris County, Texas, known and described as follows, to wit:   All of square No. 3 in Forsgard addition, north side of Buffalo Bayou, in the city of Houston, county of Harris, State of Texas.   To have and to hold the above described premises, together with all the rights and appurtenances thereto in anywise belonging, unto the said Texas Savings and Real Estate Investment Association, his heirs and assigns forever.

"In testimony whereof, witness my hand at my office, in the city of Houston, in the State and county aforesaid, this 20th day of March, 1891.                                "ROBT. ADAIR,

"Assessor and Collector of Taxes of the Mayor, Aldermen,
and Inhabitants of the City of Houston."

The court erred in sustaining the objection of defendants to the introduction of this deed in evidence.   The provisions of the city charter referred to in the deed meet and refute the defendant's objections to the deed.   The charter of the city contains this provision:   "The city council may and shall have full power to provide by ordinance for the prompt collection of all taxes levied, assessed, and due or becoming due the said city, and to regulate the mode and manner of making out tax lists and inventories, and the appraisement of property thereof; and to prescribe how and when property shall thus be rendered, and to fix the duties and define the power of the assessor and collector of taxes.   The city council shall have full power and authority to pass all ordinances necessary to regulate advertisements and sales by the assessor and collector of property upon which taxes may be unpaid, and to provide for the perpetuation of all proceedings with

reference to such advertisement and sale, and for the execution of titles to purchasers of property at tax sales, and to pass all ordinances necessary to enforce the collection of taxes. And provided further, that any such proceedings so perpetuated shall be received in evidence when the title so conferred by the collector shall be called in question, and the city may become the purchaser of any land sold for taxes, and the deed executed shall be prima facie evidence that all prerequisites of the law have been complied with.''

The record does not disclose the ground upon which the objection to the deed was sustained; but counsel asserts that the objection was sustained, because the court held the section of the charter just cited to be in conflict with that portion of section 56 of article 3 of the Constitution which prohibits the Legislature to pass any local or special law regulating the practice, or jurisdiction of, or changing the rules of evidence in, any judicial proceeding. This section of the Constitution was construed by the Supreme Court in the case of the City of Dallas v. Western Electric Company, 83 Texas, 244, and the court in that case decided that section of the Constitution had no application to Acts of the Legislature granting special charters to cities containing over 10,000 inhabitants. Such charters are expressly authorized by section 5, article 11, of the Constitution, and the Legislature may engraft upon such a charter any provision of law which it might enact by general statute. This court held in Bayha v. Carter, 7 Texas Civil Appeals, 1, that the section of the charter of Houston which provides, that in default of payment of certificates of indebtedness issued by the board of aldermen for street improvements, such certificates should bear 10 per cent per annum interest, was violative of section 56 of article 3 of the Constitution. Our attention was not called to section 5, article 11, of the Constitution, when that decision was rendered; and while we are not prepared to say that the decision is erroneous, we concede that the reason assigned in the opinion for the decision is not sound. That section of the charter of the city of Houston which makes the certificates issued by the aldermen for improvements, made under contract with the city upon its streets, prima facie evidence that the prerequisites of law authorizing such improvements have been complied with, has been held to be valid by this court, as well as by the Supreme Court. Taylor v. Boyd, 63 Texas, 542; Transportation Co. v. Boyd, 67 Texas, 157. If such certificates be prima facie evidence of the right of the holder to recover the tax assessed against the owner of property abutting upon the street which the city has caused to be improved, it would seem that there can be no sufficient reason why the deed of the tax collector should not be held to establish prima facie title in the vendee to the property sold for nonpayment of the taxes due thereon. Without intending to determine the validity or invalidity of the thirty-third section of the charter of the city in all of its provisions, or the amendment to that section, to which our attention is called by counsel, we are of the opinion, and so hold, that

should plaintiff's title to the land sued for fail, he has a lien upon the property for all taxes assessed thereon, and which have been paid or shall have been paid at the time of trial by plaintiff, with interest thereon, together with such costs as were incurred in collecting said taxes and paid by plaintiff; and for the enforcement of such lien, plaintiff should have a decree of foreclosure.

For the error of the court in excluding the tax deed offered by plaintiff in evidence, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered May 16, 1895.