### Ex parte COOKS.

(Court of Criminal Appeals of Texas. Feb. 8, 1911. On Motion for Rehearing, March 1, 1911.)

1. HABEAS CORPUS (§ 85*)—EVIDENCE—SUFFICIENCY.

In habeas corpus to review a conviction in the county court, it appeared that the county commissioners had power to fix the time when the court should sit and the length of the term, and that relator was tried within the time fixed by the commissioners for a specified term; that a special judge, chosen according to law within the time required by statute, opened the term, and no order of adjournment was shown prior to the date of trial. *Held,* that it sufficiently appeared that the court was in session when relator was tried.

[Ed. Note.—For other cases, see Habeas Corpus, Dec. Dig. § 85.*]

2. HABEAS CORPUS (§ 30*)—GROUNDS FOR RELIEF—ERRORS AND IRREGULARITIES.

The writ of habeas corpus cannot be made a substitute for a writ of error or certiorari, nor used to review errors or irregularities which render proceedings merely voidable, but is confined to matters rendering the proceedings wholly void, so that where relator was convicted in the county court for failure to obey a summons to work the county road, and was fined less than $100, in which case the judgment of the county court was final, and brought habeas corpus in the county court to obtain discharge from imprisonment for refusal to pay the fine, the Court of Civil Appeals, on appeal from a judgment remanded him to custody, will not review the questions whether the complaint would have been good against a motion to quash for uncertainty, or whether the facts justified a conviction.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 25; Dec. Dig. § 30.*]

3. WORDS AND PHRASES—"IRREGULARITY."

An irregularity is a want of adherence to some prescribed rule or mode of proceeding, and consists in either omitting to do something necessary for the due and orderly conducting of a suit, or doing it at an unreasonable time or in an improper manner.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 4, pp. 3768–3771; vol. 8, p. 7693.]

4. STATUTES (§ 8½*)—NOTICE OF APPLICATION FOR ENACTMENT—NECESSITY—"MAINTENANCE."

Const. art. 8, § 9, providing that the Legislature may pass local laws for the "maintenance" of public roads without the local notice ordinarily required for special laws, is applicable to the Shelby county special road law, which provides for the creation as well as maintenance of a road system.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 6; Dec. Dig. § 8½.*

For other definitions, see Words and Phrases, vol. 5, pp. 4281–4286; vol. 8, p. 7712.]

5. CONSTITUTIONAL LAW (§ 13*)—CONSTRUCTION OF DIFFERENT PROVISIONS.

Const. art. 8, § 9, authorizes the Legislature to pass local laws for the maintenance of public roads. Const. art. 11, § 2, requires the Legislature to provide for the laying out, construction, and repairing of county roads by general laws. *Held,* that inasmuch as section 2, art. 11, does not expressly prohibit what section 9, art. 8, authorizes, the latter section is merely cumulative of the former.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 10; Dec. Dig. § 13.*]

6. CONSTITUTIONAL LAW (§ 13*)—CONSTRUCTION OF CONSTITUTION—INTENT.

Where a provision of a Constitution expresses a general intention to do a particular thing, and another provision expresses a particular intention incompatible with the general intention, the particular intention is to be considered in the nature of an exception.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 10; Dec. Dig. § 13.*]

Appeal from Shelby County Court; Edgar W. Hooker, Judge.

Habeas corpus by Rogers Cooks. From an order remanding relator to custody, he appeals. Affirmed.

H. E. Stephenson, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J. It appears that appellant was summoned to work the road. He failed to work. Complaint was filed in the justice court, and he was tried and convicted. Upon appeal to the county court he was again tried and convicted. The fine being less than $100, he could not appeal; the law making the judgment of the county court final. He refused to pay the fine, was arrested, and sued out a writ of habeas corpus. Upon a hearing before the county judge he was remanded to the custody of the sheriff, and from this judgment remanding him he appeals to this court, and from the record it appears there is an agreement as to the matters involved, which are stated as follows: (1) Was the court in session at the time relator was tried? (2) Taken in connection with the agreed statement of facts, did relator violate the law in refusing to work the road as summoned? (3) Is the com-

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

plaint invalid, for the reason that it is unintelligible and indefinite? (4) Is the special road law of Shelby county with reference to the punishment of persons for failure to work the road under its mode of summons constitutional and valid?

In regard to the first question, the laws of this state give to the commissioners the right to fix the time that the county court shall meet and the length of the term, and it appears that appellant was tried within the time fixed by the commissioners for the October term of the county court, and there is no order showing that the court adjourned prior to the date of the trial. The law authorized the election of a special judge under certain circumstances, and it appears that one was elected within the three days fixed by the statute. The court having been legally opened by the special judge, it would remain in session until the end of the term, unless the judge should make an order adjourning it. We answer the first question in the affirmative. This court in a proceeding of this character is not authorized to go behind a judgment valid on its face on an allegation of irregularity, rendered by a court of competent jurisdiction or inquire into the facts as to whether or not the defendant under the facts ought to have been convicted. The complaint may be irregular and subject to a motion to quash, but the Legislature has given the county court final jurisdiction where the case originates in the justice court and the fine in the county court is less than $100.

The judgment being valid on its face, we do not inquire into the matters contained in the second and third questions. In Ex parte Scwartz, 2 Tex. App. 80, 81, it is said: "A proceeding defective for irregularity and one void for illegality may be revised upon error or certiorari; but it is the latter defect only which gives authority to discharge on habeas corpus." An irregularity is defined to be a want of adherence to some prescribed rule or mode of proceeding, and it consists either in omitting to do something that is necessary for the due and orderly conducting of a suit, or doing it in an unreasonable time or improper manner. Hurd on Habeas Corpus, 333, citing Tidd's Pr. 435. "The writ of habeas corpus was not designed to operate as a writ of error or certiorari, and does not have their force and effect. It does not deal with errors or irregularities which render proceedings voidable merely, but such only as render them absolutely void." Perry v. State, 41 Tex. 490. "The case of Darrah v. Westerlage, 44 Tex. 388, was not unlike the present case in several respects; and there it was held 'that the writ of habeas corpus cannot be made use of to effect an appeal or as a writ of error. The extent to which the court below could go in looking into the orders of the recorder was as to his power to hear and determine the question involved in the trial before the recorder.' 'Whether the proof warranted the judgment was not a matter that could be investigated by the judge on the hearing of the writ of habeas corpus.' Darrah v. Westerlage [44 Tex. 388]."

The fourth question, submitted to us under the agreement, arising under a special road law for Shelby county, the section complained of should have been included in some way in the record. This was not done, but relator attaches to his brief a copy of the law. We have examined the section, and it requires the person summoned to work at least eight hours a day, or pay in lieu thereof $1 per day. In the event he fails to do either, the matter shall be reported to a court of competent jurisdiction, and upon trial, if found guilty, the punishment is assessed at not less than $1 nor more than $5. Relator does not state upon what specific grounds he considers the act unconstitutional, but we think the Legislature was empowered to pass this act creating a road law for Shelby county, and the provision attacked is valid. In Smith v. Grayson County, 18 Tex. Civ. App. 153, 44 S. W. 921, it was held in discussing a county road law: "It being a local or special law, it is contended by appellant that it is in conflict with section 56, art. 3, of the Constitution, which provides that the Legislature shall not, except as otherwise provided in this Constitution, pass any local law authorizing ' * * * (1) regulating the affairs of counties; (2) laying out, opening, altering or maintaining of roads, highways, etc.; (3) creating offices; (4) regulating the practice or jurisdiction of, or changing of evidence in any judicial proceeding or inquiry before courts, * * * or providing or changing methods for the collection of debts or the enforcing of judgments; (5) in all other cases where a general law can be made applicable.' Section 57, art. 3, of the Constitution, provides that 'no local or special law shall be passed unless notice of the intention to apply for it shall have been published in the locality where the matter or thing to be affected may be situated * * * at least twenty days prior to the introduction into the Legislature of such bill.' No notice of the intention to apply for the passage of this statute was given, as provided by the above section of the Constitution. Unless some other clause of the Constitution makes it unnecessary to give the notice required by the above section, the law cannot stand. Again, if the law embraces any of the matters prohibited by section 56, art. 3, above quoted, it cannot stand, unless it is otherwise provided by the Constitution. By section 9, art. 8, of the Constitution, it is otherwise provided that 'the Legislature may pass local laws for the maintenance of public roads and highways without the local notice required for local or special laws.' By this clause of the Constitution, it is expressly provided that the Legislature may pass local or special laws

for the maintenance of public roads and high- ways, and that, too, without giving the local notice required by section 57, art. 3. City of Dallas v. Western Electric Co., 83 Tex. 243, 18 S. W. 552; Association v. Pierre's Heirs, 10 Tex. Civ. App. 453, 31 S. W. 426. This clause is an express grant of authority to the Legislature authorizing it to pass local laws without local notice for the maintenance of public roads and highways. It was not a part of the original Constitution adopted in 1876, but is an amendment to section 9, art. 8, adopted in 1890. This section has been amended twice, once in 1883, and again in 1890; each time enlarging the powers conferred upon the Legislature. It would seem that if there was any repugnancy (and we see none) between sections 56 and 57, art. 3, and section 9, art. 8, that the expression made by the amendment in 1890 would control. Railway Co. v. Rambolt, 67 Tex. 656, 4 S. W. 356. It is insisted, however, that this clause of the Constitution limits the purposes for which local laws may be passed to the maintenance of roads already constructed, and would not authorize the passage of a statute creating a road system. We do not think the word 'maintenance,' as used in this section of the Constitution, was intended to be used in this restricted sense. By the use of the words 'maintenance of public roads and highways' the framers of the Constitution had reference to maintaining a system of public roads and highways which would include all the necessary powers to provide and keep up a system of highways. Brown v. Graham, 58 Tex. 254. Again, it is contended that this construction of section 9, art. 8, will render nugatory section 2, art. 11, which reads: 'The construction of jails, courthouses and bridges, and the establishment of county poor houses and farms, and the laying out, construction, and repairing of county roads shall be provided for by general laws.' This section requires the Legislature to provide for the laying out, construction, and repairing of county roads by general laws, while section 9, art. 8, authorizes the Legislature to pass local laws for the maintenance of public roads and highways. It will be seen that section 2, art. 11, does not expressly prohibit the passage of local laws for the laying out, construction, and repairing of county roads, while section 9, art. 8, does expressly provide that local laws may be passed for the maintenance of public roads and highways. When one section of the Constitution expresses a general intention to do a particular thing, and another section expresses a particular intention incompatible with the general intention, the particular intention is to be considered in the nature of an exception. Potter, Dwar. St. p. 273. The reasonable and fair import of section 2, above quoted, is that the Legislature shall provide for a road system for the counties of the state, and authorizes it to be done by general law; and section 9, above quoted, authorizes the Legislature to make this provision by local law. This authority is only cumulative of the former. Railway Co. v. Rambolt, supra; Erwin v. Blanks, 60 Tex. 585."

A complaint was filed against relator in the justice court. He had a trial, and was convicted. He appealed to the county court, and was again convicted. From this judgment, in the wisdom of the Legislature, he was denied permission to appeal to this court. Under the writ of habeas corpus, he presents but two questions we can pass on. Was he convicted at a regular session of the court, and is the act constitutional.

We answer both these affirmatively, and the relator is remanded.

### On Motion for Rehearing.

In this case at a former day of this term the relator herein was refused a discharge and remanded to the custody of the sheriff of Shelby county. He has filed a motion for a rehearing in this cause, and accompanies it with an able brief. He attacks the judgment of the court in that particular wherein we held that, if a court of competent jurisdiction had rendered a judgment in a case wherein a valid complaint was filed charging an offense against the laws of this state, we would not inquire and see whether or not the evidence justified the conviction. To do so would cause the writ of habeas corpus to bring before us for review all those cases which the Legislature in its wisdom has seen proper to deny appellate jurisdiction to this court. There are some cases in which the law of this state makes the judgment of the county court final, and from which no appeal will lie. As to the wisdom of that law is not a question for us to determine, but only what is the law. Of course, if any court renders a judgment in a matter in which it had no jurisdiction or renders a judgment of conviction when there was no law in existence on which to base its judgment, the judgment would be void, and we would give relief under the writ of habeas corpus. But, as in this case, when there was a law making it an offense to fail to work the road, a complaint was filed charging the relator with such offense, and a court of competent jurisdiction had tried the cause and adjudged him guilty, under the writ of habeas corpus we are not authorized to go behind the judgment and complaint, and see whether, under the evidence in the case, we think the court was not justified in its conclusion. We only look to the evidence in so far as it may be necessary for us to determine is the relator charged with an offense against the law, has he been tried by a court authorized to try him? If so, in cases where the law gives that court final jurisdiction, we have no power nor right to interfere by habeas corpus or other means.

In Ex parte Reed, 100 U. S. 13, 23, 25 L.

Ed. 538, Mr. Justice Swayne says: "The writ of habeas corpus cannot be made to perform the function of a writ of error. To warrant the discharge of the prisoner, the sentence under which he is held must not be merely erroneous and voidable, but absolutely void." And in Ex parte Siebold, 100 U. S. 371, 25 L. Ed. 717, Mr. Justice Bradly says: "The only ground on which the court will give relief on habeas corpus to a prisoner under conviction and sentence of another court is the want of jurisdiction of such court over the person or the cause, or some other matter rendering the proceedings void." Our courts have adhered to that line of decisions. See authorities cited in the original opinion, and in Ex parte William Stein (decided at this term of court) 135 S. W. 136.

The motion for rehearing is overruled.